UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00576-FDW-DSC

| | | |
|---|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) | |

THIS MATTER is before the Court on Defendant's Motion for Partial Judgment on the Pleadings. (Doc. No. 24). The Motion has been fully briefed by both parties and is ripe for review. (Doc. Nos. 24-1, 27, 30). For the reasons stated herein, the Court hereby GRANTS IN PART and DENIES IN PART Defendant's Motion for Partial Judgment on the Pleadings. (Doc. No. 24).

**I. BACKGROUND**

Plaintiff Allianz Global Risks US Insurance Company ("Plaintiff") filed this action against Defendant Travelers Property Casualty Company of America ("Defendant") on October 27, 2021, asserting claims for: (1) bad faith failure to settle; (2) unfair and deceptive acts or practices in violation of N.C. Gen Stat. § 75-1.1; and (3) equitable subrogation. (Doc. No. 3).

Defendant and Plaintiff provided primary and excess liability insurance, respectively, to their insured S&D Coffee, Inc. ("S&D"). The Complaint alleges Defendant, as S&D's primary business auto liability insurer, ignored its duty to settle a wrongful death lawsuit within its liability policy limits of $2 million. Instead, Defendant let the case proceed to a trial, where the jury found S&D liable and awarded the estate $6 million in damages. Plaintiff contends Defendant continued

1

in bad faith to refuse to settle the matter during pendency of the appeal, where the verdict was ultimately upheld.

Because the judgment exceeded Defendant's policy limit of $2 million, Plaintiff paid the excess amount to satisfy the judgment. Plaintiff alleges Defendant's bad faith failure to settle involved willful and wanton conduct that recklessly disregarded the rights of S&D and of Plaintiff. As S&D's excess insurer, Plaintiff claims it stands in the shoes of its insured to recover from Defendant for the injury caused by the excess judgment.

Defendant timely filed an Answer, (Doc. No. 15), along with the instant Motion for Partial Judgment on the Pleadings, (Doc. No. 24), which has been fully briefed by the parties, (Doc. Nos. 24-1, 27, 30). Defendant seeks partial judgment on the pleadings to dismiss Plaintiff's claim for unfair and deceptive trade practices, as well as Plaintiff's demand for punitive damages on its bad faith failure to settle claim. (Doc. No. 24).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In resolving a motion for judgment on the pleadings, the court may consider the complaint, the answer, and any exhibits to those pleadings or Rule 12(c) motions that are integral to the complaint and authentic. See Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014).

Although a motion for judgment on the pleadings pursuant to Rule 12(c) is separate and distinct from a motion to dismiss under Rule 12(b)(6), federal courts apply the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6). See Indep. News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009) (citing Edwards v. City of Goldsboro, 178 F.3d

231, 243 (4th Cir. 1999)). To survive a Rule 12(b)(6) motion to dismiss, a complaint "must provide 'enough facts to state a claim to relief that is plausible on its face.'" Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The court "must accept as true all well-pleaded allegations and must construe the factual allegations in the light most favorable to the plaintiff." Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994) (citing Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). However, the Court is "not so bound by the plaintiff's legal conclusions, since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." Id. (citing Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991)).

## II. ANALYSIS

Defendant moves this Court seeking partial judgment on the pleadings as to Plaintiff's claim for unfair and deceptive trade practices and demand for punitive damages arising out of its bad faith failure to settle claim.

### A. Unfair and Deceptive Trade Practices

Plaintiff alleges Defendants violated N.C. Gen. Stat. §§ 58-63-10 and 58-63-15, which define unfair methods of competition and unfair and deceptive acts or practices in the business of insurance. Though violations of these insurance statutes are actional only by the Commissioner of Insurance, Plaintiff pursues this claim insofar as Defendant's alleged actions constitute violations of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1. See Stott v. Nationwide Mut. Ins. Co., 643 S.E.2d 653, 658 (N.C. Ct. App. 2007) (quoting

3

Miller v. Nationwide Mut. Ins. Co., 435 S.E.2d 537, 542 (N.C. Ct. App. 1993), disc. rev. denied, 442 S.E.2d 519 (N.C. 1994)) ("A violation of G.S. § 58-63-15 constitutes an unfair and deceptive trade practice in violation of G.S. § 75-1.1 as a matter of law.").

To establish a prima facie UDTPA claim, a plaintiff must show: "(1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." Dalton v. Camp, 548 S.E.2d 704, 711 (N.C. 2001) (citation omitted). While Plaintiff pleads these elements, Defendant argues Plaintiff's UDTPA claim fails as a matter of law because unfair practice claims may not be assigned to an insurer or other party that is not the original aggrieved consumer. This Court agrees.

While the protections afforded by the UDTPA do extend to businesses in appropriate situations, the statute's intention is to benefit consumers. See Dalton, 548 S.E.2d at 710. Specifically, "the treble damages provision of N.C.G.S. § 75-16 was intended to create an effective private remedy for aggrieved *consumers*." Invs. Title Ins. Co. v. Herzig, 413 S.E.2d 268, 272 (N.C. 1992) (Emphasis added). Pursuant to this intention, and the desire to prevent third parties from receiving a windfall from another person's injury, the Supreme Court of North Carolina ruled UDTPA claims cannot be assigned. See id. at 271-72 (holding a plaintiff title insurance company could not pursue a claim assigned to it by a defrauded bank because the plaintiff was "not a 'consumer' with respect to defendants," but rather "the 'seller' of the title insurance which was purchased . . . to protect the Bank"); see also Horton v. New S. Ins. Co., 468 S.E.2d 856, 858 (N.C. Ct. App. 1996) ("[C]laims based on tortious acts arising from G.S. section 58-63-1 *et seq.*, like those under G.S. section 75-1.1, are unassignable."). Instead, "[c]ommon law subrogation is available to an insurer to recover any monies paid, while the aggrieved party can maintain an action

4

for fraud or unfair practices." Herzig, 413 S.E.2d at 272. Here, Plaintiff is not the aggrieved consumer with respect to Defendant, but rather the excess insurer of their common insured, S&D. See Washington v. Trinity Indus., Inc., No. 1:15CV517, 2016 WL 4544048, at *6 (M.D.N.C. Aug. 31, 2016) ("The Herzig Court's emphasis on the buyer-seller relationship and the 'personal nature' of a claim under the Act thus bolster the conclusion that 'consumer' denotes purchaser."). Accordingly, while Plaintiff may pursue equitable subrogation to recover any monies paid, it may not stand in the shoes of S&D to maintain an action under UDTPA. See Herzig, 413 S.E.2d at 272.

Plaintiff argues that its position is distinguishable from the plaintiff in Herzig and instead analogous to that of the plaintiff title insurer in In re Welch. 494 B.R. 654, 662 (Bankr. E.D.N.C. 2013) (permitting the plaintiff to pursue its UDTPA claim because it was directly induced to provide title insurance to a deed of trust lender by the defendant's false representations, and therefore the plaintiff "does not assert claims for relief as an assignee nor does it assert any right to relief belonging to or derived from the insured under the title insurance policy," but rather as "the real party in interest"). However, here, Plaintiff is not the real party in interest in its own capacity, but rather derives its right to relief from S&D under the excess insurance policy. Therefore, Plaintiff may not maintain its UDTPA claim against Defendant.

Accordingly, Defendant's Motion for Judgment on the Pleadings is GRANTED IN PART to the extent it seeks dismissal of Plaintiff's unfair and deceptive trade practices claim.

### B. Punitive Damages

Plaintiff alleges Defendant's actions constitute bad faith failure to settle and seeks recovery of punitive damages based on allegedly aggravating and outrageous conduct. Defendant asserts punitive damages are not recoverable under applicable law governing equitable subrogation and

therefore seeks dismissal of that portion of Plaintiff's claim. However, in arguing for dismissal as a matter of law, Defendant has failed to provide this Court with sufficient legal authority to dismiss claim for punitive damages at this stage. Instead, Defendant relies on an overbroad interpretation of the holding in <u>Herzig</u>, as well as cases from eleven states outside of North Carolina. Accordingly, Defendant's Motion for Judgment on the Pleadings is DENIED IN PART to the extent it seeks dismissal of Plaintiff's request for punitive damages. The Court's ruling is without prejudice to Defendant's ability to reassert this argument at summary judgment.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Partial Judgment on the Pleadings, (Doc. No. 24), is GRANTED IN PART to the extent it seeks dismissal of Plaintiff's unfair and deceptive trade practice claim and DENIED IN PART WITHOUT PREJUDICE to the extent it seeks dismissal of Plaintiff's request for punitive damages.

IT IS SO ORDERED.

Signed: July 19, 2022

Frank D. Whitney
United States District Judge

6